# SUPREME COURT.

ALEXANDER T. JOHNSON agt. CHARLES H. REEVES.

*Conveyance of real estate for the benefit of minor children — power in trust.*

Where a man conveys his real estate to his four minor children by deed, with full covenants of warranty, "reserving to himself the entire and exclusive use, benefit and control 'of said premises during his natural life, and reserving also to himself the power to dispose of said premises or any part thereof, by a deed executed in the name of the parties of the second part, or in his own name alone, in trust, nevertheless, and for the benefit of the said parties of the second part, and to hold the purchase-money in trust for their use, or to loan it upon good securities during his life, thereby securing to them the principal sum at his death, retaining the interest for his own use and benefit," and subsequently a conveyance is made of a portion of the premises by him, in his own name, to a third person:

*Held,* that such conveyance is sufficient to convey a fee simple of the premises. If not good as an express trust vested in the grantor, it can be upheld as a power in trust under the statute.

*Orange Circuit, January, 1875.*

THIS action was brought February 20, 1874, to recover the balance due upon a contract made by the parties September 23, 1865, for the sale of certain lots of land in the village of Port Jervis, Orange county, N. Y. The defendant made the first payment on the contract and declined to pay any more, alleging that the plaintiff could not give a good title for the premises. He went into possession, and continued therein up to the time of the trial.

On the 13th day of September, 1856, one John M. Ridgeway, who was the owner of certain premises in Port Jervis, and who is now living, in consideration of love and affection,

conveyed the same to his four infant children. The deed contained the usual full covenants of warranty, and this reservation :

"Reserving, nevertheless, to the said John M. Ridgeway the entire and exclusive use, benefit and control of said premises during his natural life, and reserving also to the said John M. Ridgeway the power to sell and dispose of said premises or any part thereof, by a deed executed in the name of the parties of the second part, or in the name of the said John M. Ridgeway alone ; in trust, nevertheless, and for the benefit of the said parties of the second part, and to hold the purchase-money in trust for their use, or to loan it upon good securities during the life of the said John M. Ridgeway, thereby securing to them the principal sum at his death, retaining the interest for his own use and benefit." The wife of Ridgeway joined in this deed, and the same was duly recorded in the clerk's office of Orange county, September 17, 1856.

On the 18th day of October, 1858, said Ridgeway, in consideration of $1,000, conveyed a portion of said premises so deeded to his children to the plaintiff, and the premises so contracted to be sold by said plaintiff to the defendant are a part of the same. Before bringing his action, the plaintiff tendered a deed to the defendant, in accordance with the terms of the contract, and demanded the balance due thereon. This the defendant declined to pay, and refused to accept the deed, alleging that the plaintiff could only convey the life estate of John M. Ridgeway in the premises ; that if he would give him a perfect title he would pay willingly.

The case came on to be tried at a circuit court held at Goshen, January, 1875, before justice BARNARD, without a jury.

*A. C. Niven and C. E. Cudderback,* for plaintiff.

*B. R. Champion,* for defendant.

Johnson agt. Reeves.

BARNARD, *J.* — Without passing upon the technical question raised by the plaintiff, that the defendant cannot raise the question of title as long as he remains in possession of the premises, I proceed to consider the case on its merits. It was undoubtedly the intention of Ridgeway, when he executed the conveyance of the premises to his children, to reserve to himself a power of sale in his own name, for their benefit, and the deed should be construed according to that intention, unless inconsistent with the rules of law. This right to convey in his own name must be construed as if a separate deed had been given to him by the children, granting him the power to convey on their behalf and for their benefit. It is not inconsistent with the grant, although covenants of warranty are employed therein; and if not good as an express trust, it is to be upheld as a power in trust, under the statutes relating to powers. This being the case, the deed tendered by the plaintiff to the defendant was sufficient, as it conveyed to the defendant the premises in question in fee simple, free from incumbrances, and I order judgment accordingly for the plaintiff for the full amount of his claim with costs.